### ROBERTS v. LANSING.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

CHANGE OF VENUE—REFUSAL.

    Where an action was for services rendered by an attorney in litigation in an adjoining county, and all of the records needed on the trial were in that county, and some of the witnesses resided there, the fact that plaintiff's attorney stipulated that copies of the records and affidavits of the witnesses might be used at the trial did not justify denial of defendant's motion for a change of venue.

    O'Brien, J., dissenting.

Appeal from special term.

Action by William C. Roberts against William Lansing. From an order denying a motion for a change of venue, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

T. F. Hamilton, for appellant.

Forbes J. Hennessy, for respondent.

INGRAHAM, J. We think this motion should have been granted. The action is brought to recover for services rendered by an attorney and counselor at law. The services were rendered in an action or proceeding pending in the supreme court in Rensselaer county. The court below denied the motion upon a stipulation contained in an affidavit of counsel for the plaintiff, who was the plaintiff's assignor, that copies of such records as would be needed on the trial, and the affidavits of some of the witnesses, would be received upon the trial of the action. But it is quite unfair that the parties should be compelled to depend upon copies of records or affidavits of witnesses, rather than the production of the originals, and the testimony of the witnesses in an action of this kind, which must be tried before a jury. In actions of this character the locality where the cause of action arose and the services were performed are important elements in determining the county in which the trial should be had, and by rule 48 of the general rules of practice it is expressly provided that these facts will be taken into consideration by the court in fixing the place of trial. It is quite apparent in this case that the substantial questions to be determined are whether or not the defendant is responsible for the services rendered by the plaintiff's assignor, and the value of such services. The defendant was an attorney at law residing and practicing in Albany. The services performed by the plaintiff's assignor were performed in Albany county, or the adjoining county. The nature of the services, the conditions under which they were performed, and just what the plaintiff's assignor did in relation to the litigation, will be most important in determining those questions, and I think it is evident that the convenience of the witnesses requires that the action should be tried in the locality where the services were rendered.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide the event. All concur, except O'BRIEN, J., who dissents.